*661 OPINION.
Siefktn:
One of the errors assigned by the petitioner raises the question of the constitutionality of section 280 of the Revenue Act of 1926. However, the petitioner, having appealed to this Board under that section, is precluded from questioning its constitutionality. Henry Cappellini et al., 14 B. T. A. 1269.
The petitioner raises questions as to the amount of tax liability of the Union-Finance Co. and also the liability of the petitioner as a transferee of the assets of such company. The hearing of the case, however, was limited to the question whether petitioner is a transferee of the property of the Union-Finance Co., the case to be restored to the calendar for further hearing if this question is decided adversely to the petitioner.
Section 280 of the Revenue Act of 1926 provides:
(a) Tbe amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this table (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds) :
(1) The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this title or by any prior income, excess-profits, or war-profits tax Acts.
Section 912 of the Revenue Act of 1928 provides:
In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but uot to show that the taxpayer was liable for the tax.
The evidence contained in the record does not clearly show the character of the transaction in question. If the transaction consisted of a transfer of stock between the Metropolitan Securities Co. and the stockholders of the Union-Finance Co., the stockholders of the Union-Finance Co. would not be liable as transferees of the assets of the Union-Finance Co. Since there is this possibility that *662 the petitioner was not a transferee of assets of the Union-Finance Co., and since the respondent has failed to negative this possibility, we must hold that he has failed to sustain his burden of proof.
Reviewed by the Board.

Judgment will be entered for the petitioner.